**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**UNITED STATES OF AMERICA,** :
:
**v.** : **CASE NO:**
: **7:23-CR-65 WLS-AGH-09**
**CARLA DENICE McNORTON,** :
:
**Defendant.** :

# ORDER

Before the Court is Defendant Carla Denice McNorton's Motion for Free Copy of Sentencing Transcript Pursuant to 28 U.S.C. § 753(f) (Doc. 1039) ("Motion") filed July 24, 2026. Therein, Defendant states she is preparing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. She requests, under 28 U.S.C. § 753(f),[1] that the Court order that her sentencing transcript be provided to her at no cost, and that the Court certify that the requested transcript is necessary for a non-frivolous claim. In support of her request, Defendant asserts that she is indigent and unable to afford the cost of the transcript and that the transcript is necessary to identify and support specific claims, including, but not limited to "a) [e]rrors in the calculation and imposition of restitution; b) [s]tatements made by counsel and the Court regarding sentencing terms; and c) [p]otential constitutional violations affecting Defendant's rights." (Doc. 1039 at 1).

On September 18, 2024, Defendant pled guilty to Attempt to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On December 17, 2024, the Court imposed a sentence of 168 months imprisonment followed by a three-year term of supervised release. (Doc. 612). Judgment was entered on December 18, 2024. (*Id.*). Defendant's Motion to Reduce Sentence (Doc. 841) was denied by Order (Doc. 869) entered

---

[1] In relevant part, 28 U.S.C. § 753 provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*

28 U.S.C.A. § 753(f) (emphasis added).

October 2, 2025. Defendant did not appeal her sentence or the denial of her motion to reduce sentence.

For the following reasons, Defendant's Motion is denied.

First, as of this date, Defendant does not have an appeal, motion to vacate sentence, or petition for writ of habeas corpus pending. A motion attacking a sentence under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). *See* Fed. R. App. P. 4(b)(1)(A) (providing that in criminal cases, a defendant's notice of appeal must be filed within 14 days after the entry of the judgment or order being appealed). As noted above, Defendant did not appeal her sentence, and it became final on Thursday, January 2, 2025. Based on the foregoing, the deadline to file a motion under § 2255 was Friday, January 2, 2026. As of this date, Defendant has not filed a motion under § 2255, and such motion is now time barred. Thus, the Court cannot find that a motion to vacate under § 2255 is nonfrivolous or that a transcript is necessary for Defendant to prepare such a motion.

Second, Defendant has not filed a motion under § 2255 but is merely "preparing" to file such a motion.

> Assuming Plaintiff is indigent, "[u]nder ordinary circumstances such as these, an indigent does not have a federally-protected right to a free copy of [her] transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Colbert v. Beto,* 439 F.2d 1130 (5th Cir.1971); *see also Walker v. U.S.,* 424 F.2d 278 (5th Cir. 1970).[2]

*United States v. Carswell*, No. 5:93-CR-25(HL), 2009 WL 1014103, at *1 (M.D. Ga. Apr. 15, 2009). Defendant states she needs the transcript to identify and support her claims, but she provides only conclusory assertions of the errors she expects to find. The Court is unable to certify that a motion to vacate, even if it was timely filed, was nonfrivolous and that a transcript was necessary. *See United States v. Losing*, 584 F.2d 289, 291 (8th Cir. 1978) (finding that a request for a free transcript prior to the filing of a section 2255 complaint is premature) (citing *United States v. MacCollum*, 426 U.S. 317 (1976)).

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Accordingly, Defendant's Motion for Free Copy of Sentencing Transcript Pursuant to 28 U.S.C. § 753(f) (Doc. 1039) is **DENIED, WITHOUT PREJUDICE**.

**SO ORDERED**, this 28th day of July 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**